IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUDITH D. FRALEY,

    Plaintiff,

v.                                       Civil Action No. 5:07CV141
                                                       (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The plaintiff, Judith D. Fraley, filed an application on June 30, 2004 for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 13381-1383f.[1] In the application, the plaintiff alleged disability since September 19, 2003, resulting from arthritis, back and leg pain, hearing loss in her left ear, depression, anxiety, and post-traumatic stress disorder ("PTSD").

The state agency denied the plaintiff's application initially and on reconsideration. At the plaintiff's request, a hearing before an Administrative Law Judge ("ALJ") was held on May 10, 2006. On July 3, 2006, the ALJ issued a decision finding that the

---

[1] The plaintiff previously filed an application for SSI benefits, which was denied on September 19, 2003. The plaintiff appealed that decision to the Appeals Council, which denied the plaintiff's request for review on June 22, 2004.

plaintiff was not under a disability as defined by the Social Security Act.

The plaintiff requested review by the Appeals Council, which denied the request, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross motions for summary judgment. The plaintiff also filed a response to the defendant's motion for summary judgment. Magistrate Judge Seibert considered the parties' pleadings and submitted a report and recommendation. In his report, the magistrate judge recommended that the plaintiff's motion for summary judgment be granted for the purpose of remanding the case for further proceedings and that the defendant's motion for summary judgment be denied.

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed.

II. Applicable Law

A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections have been filed, this Court reviews the report and recommendation of the magistrate judge for clear error.

B. Summary Judgment

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable

to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### III. Discussion

This Court believes that a reiteration of the facts in this case is unnecessary here.  Accordingly, this Court relies on the detailed recitation of facts provided in section II of Magistrate Judge Seibert's report and recommendation.

In her motion for summary judgment, the plaintiff raises five issues.  She argues that the ALJ (1) erroneously failed to give adequate consideration to the plaintiff's impairments in conjunction with Listing 2.07 at step three of the sequential analysis; (2) erroneously failed to consider all of the plaintiff's severe impairments at step two of the sequential analysis; (3) erroneously rejected every medical opinion favorable to the plaintiff; (4) erroneously failed to include all of the plaintiff's limitations in her Residual Functional Capacity ("RFC") and the hypothetical example presented to the Vocational Expert ("VE"); and (5) failed to properly evaluate the plaintiff's credibility.

The Commissioner contends that the ALJ (1) properly evaluated the plaintiff's impairments in conjunction with Listing 2.07 at step three; (2) properly considered whether the plaintiff's impairments were severe at step two; (3) properly evaluated and weighed the medical opinions; (4) properly included in the RFC and the hypothetical example all of the plaintiff's limitations supported by the record; and (5) properly determined the plaintiff's credibility.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

In his report and recommendation, the magistrate judge recommended that the defendant's motion for summary judgment be denied, that the plaintiff's motion for summary judgment be granted, and that the case be remanded. The magistrate judge based his conclusion on six grounds: the ALJ's failure to properly

consider Listing 2.07 when evaluating the plaintiff's claims; the ALJ's failure in step two to find that the plaintiff suffers from vestibular dysfunction, which should have been characterized as a severe impairment, and to consider PTSD as a severe impairment; the ALJ's failure to consider the opinion of Dr. Arja and the lack of substantial evidence to support the ALJ's decision to reject the opinion of Dr. Janicki; the failure of the ALJ to include all of the plaintiff's limitations in the RFC and in the hypothetical example presented to the VE; the lack of substantial evidence supporting the ALJ's conclusion concerning the plaintiff's credibility; and the need to consider additional, previously unavailable evidence concerning the plaintiff's PTSD.

A.  <u>Inadequate Analysis of Listing 2.07</u>

The magistrate judge concluded that the ALJ improperly and summarily dismissed Listing 2.07 in his decision to deny benefits. The magistrate judge also concluded that the ALJ misinterpreted and inappropriately applied the requirements set forth at Listing 2.07. This Court agrees. To meet Listing 2.07, a claimant must show:

> 2.07 Disturbance of labyrinthine-vestibular function (including Meniere's disease), characterized by a history of frequent attacks of balance disturbance, tinnitus, and progressive loss of hearing. With both A and B:
>    A.  Disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests; and
>    B.  Hearing loss established by audiometry.

20 C.F.R. Pt. 404, Subpt. P, App. 1. When determining whether a claimant's specific injury meets or equals a listed impairment, an

ALJ must explain his or her rationale. Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). This requires an ALJ to compare the plaintiff's actual symptoms to the requirements of any relevant listed impairments in more than a "summary way." Id. at 1173.

In this case, the ALJ dismisses the applicability of Listing 2.07, stating only that "[t]he evidence does not show a very severe reduction in both ears." (R. 21.) As discussed in detail in the magistrate judge's report, this statement fails to provide the required analysis under Cook; it mistakenly suggests that Listing 2.07 requires hearing loss in both ears; and it ignores the objective medical evidence in the record indicating that the plaintiff suffers from disturbance of labyrinthine-vestibular function demonstrated by caloric or other vestibule tests (see R. 232) and characterized by balance disturbance (see R. 174, 181, 184, 222, 223, 225, 236, 239, 320, 324, 333), tinnitus (see R. 180, 181, 184, 222, 223), and hearing loss established by audiometry (see R. 160, 181-83, 230-31, 232, 317-18). This Court finds no clear error in the magistrate judge's findings and agrees that this case should be remanded for further discussion and analysis of whether the plaintiff's medical conditions meet Listing 2.07

B.  Failure to Consider All of Plaintiff's Severe Impairments

The magistrate judge concluded that the ALJ erred at step two of the sequential analysis by failing to consider the plaintiff's vestibular dysfunction and PTSD as severe impairments. This

7

finding is not clearly erroneous. The ALJ found that the claimant had the following severe impairments: a history of acoustic neuroma requiring removal, essential hearing loss in the left ear, decreased hearing acuity in the right ear, arthritis in the spine, obesity, and depression. However, in his analysis of the plaintiff's severe impairments, the ALJ did not consider the medical evidence of the plaintiff's vestibular dysfunction causing dizziness, vertigo, and disequilibrium (see R. 174, 181, 184, 222, 223, 225, 236, 239, 320, 324, 333) or the plaintiff's diagnosis with PTSD (see R. 251, 257, 322, 326, 358, 369). This Court agrees with the magistrate judge that remand is warranted for the ALJ to consider vestibular dysfunction and PTSD as severe impairments at step two.

C. Improper Rejection of Opinions Supporting the Plaintiff

1. Rejection of Dr. Janicki's Opinion

The magistrate judge found that the ALJ's reasons for rejecting the opinion of Dr. Janicki are not supported by substantial evidence. This Court believes that the magistrate judge's finding was correct. The ALJ rejected Dr. Janicki's opinion because it contained a conclusion about the plaintiff's disability, which is an issue reserved for the Commissioner, and because the ALJ did not fully understand the opinion. Rejecting Dr. Janicki's entire opinion simply because part of the opinion addressed an issue reserved to the Commissioner was, as the

8

magistrate judge determined, inappropriate. Further, as the magistrate judge noted, if the ALJ did not understand Dr. Janicki's opinion, the ALJ had a duty to contact Dr. Janicki for further clarification. See 20 C.F.R. § 404.1512(e) ("When the evidence we received from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision."). Accordingly, this case will be remanded with instructions to the ALJ to contact Dr. Janicki for further clarification in accordance with 20 C.F.R. § 404.1512(e).

    2.   <u>Disregard of Dr. Arja's Treatment and Diagnosis</u>

The magistrate judge found that the ALJ completely disregarded the treatment and diagnosis of the plaintiff by Dr. Mohamad Arja. The magistrate judge concluded that the ALJ erred by doing so, however, because the ALJ had made a determination to consider the plaintiff's complete medical history pursuant to 20 C.F.R. § 416.912(d). Because the complete medical history included Dr. Arja's opinion, the ALJ was not at liberty to disregard it without explaining his basis for doing so. This Court finds no clear error in the magistrate judge's report regarding this matter and agrees that this case should be remanded for consideration and evaluation of Dr. Arja's opinion.

D.  **Improper Exclusion of Plaintiff's Limitations**

The magistrate judge determined that the plaintiff's RFC and the hypothetical posed to the VE did not sufficiently account for the plaintiff's frequent episodes of dizziness, vertigo and balance disturbance and her deficiencies in social functioning--limitations which are supported by the plaintiff's testimony at the hearing before the ALJ and corroborated by objective medical evidence. The magistrate judge also found that the ALJ erred because the RFC and the hypothetical provide for the plaintiff missing only one day of work per month, whereas the record suggests that the plaintiff may need to miss more than one day of work per month. Accordingly, the magistrate judge recommended that the case be remanded for reconsideration of the plaintiff's RFC and the hypothetical posed to the VE. Finding no clear error in the magistrate judge's report and recommendation, this Court agrees and will remand this case for further consideration of the plaintiff's RFC in light of the evidence concerning the plaintiff's frequent episodes of dizziness, vertigo, and balance disturbance; her potential conflicts with co-workers and supervisors; and the possibility that the plaintiff may need to be absent from work more than one day per month.

E.  **Improper Evaluation of the Plaintiff's Credibility**

The magistrate judge determined that the ALJ's discrediting of the plaintiff's statements concerning her subjective allegations of pain, limitations, and overall disability is not supported by

10

substantial evidence. The ALJ based his conclusion on the plaintiff's lifestyle evidence and his assessment of the plaintiff's apparent lack of need for continual therapy sessions or hospitalizations or other in-patient care. (R. 23.) Because the ALJ failed at step two to consider all of the plaintiff's impairments, the ALJ did not consider the plaintiff's PTSD diagnosis as the basis for most of the plaintiff's psychological impairments. Accordingly, the magistrate judge recommended that the case be remanded for further consideration of the plaintiff's credibility in light of the reconsideration of all of the plaintiff's impairments identified at step two. The findings of the magistrate judge in this regard are not clearly erroneous. Therefore, this Court will remand for further consideration of this issue.

F. <u>Additional Evidence Submitted to the Appeals Council</u>

The magistrate judge found that remand of this action is warranted to enable the Commissioner to consider new evidence in support of the plaintiff's claim for SSI benefits, specifically a report from the plaintiff's treating psychiatrist, Dr. Greenbrier Almond, at the Appalachian Community Health Center. In an action to review denial of social security benefits, remand is warranted if the claimant presents evidence which is new and material and for which good cause exists for its exclusion from the record in the prior proceedings. <u>See</u> 42 U.S.C. § 405(g). As the magistrate

judge correctly determined, all three requirements are met in this action. The records regarding the plaintiff's treatment at the Appalachian Community Health Center from July 13, 2006 through September 15, 2006 were not available to submit to the ALJ because the hearing before him was held on May 10, 2006. Thus, the evidence is new, and good cause exists for not including it in the record submitted to the ALJ. Further, these records contain additional medical evidence indicating that the plaintiff suffers from PTSD. Given the ALJ's failure to find that the PTSD was a severe impairment suffered by the plaintiff, the evidence is material. The magistrate judge has committed no clear error in reaching this conclusion. Accordingly, this Court agrees that remand is warranted and that the ALJ must consider this new evidence on remand.

In summary, having reviewed the report and recommendation of the magistrate judge for clear error and finding none, this Court concludes that the report and recommendation should be affirmed and adopted in its entirety. Accordingly, the defendant's motion for summary judgment will be denied; the plaintiff's motion for summary judgment will be granted; and the case will be remanded for further proceeding.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court

finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be DENIED. It is also ORDERED that the plaintiff's motion for summary judgment be GRANTED. It is further ORDERED that this case be REMANDED for further proceedings consistent with this opinion and with the report and recommendation of the magistrate judge, including, but not limited to, further discussion and analysis of whether the plaintiff's medical conditions meet Listing 2.07; consideration of vestibular dysfunction and post-traumatic stress disorder as severe impairments at step two of the sequential analysis; contacting Dr. Janicki for additional information in accordance with 20 C.F.R. § 404.1512(e); consideration and evaluation of Dr. Arja's opinion; further consideration of the plaintiff's residual functional capacity and the hypothetical posed to the vocational expert in light of evidence concerning the plaintiff's balance disturbance, her potential conflicts with co-workers and supervisors, and the possibility that the plaintiff may need to be absent from work more than one day per month; further consideration of the plaintiff's credibility in light of reconsideration of all of the plaintiff's impairments identified at step two; and consideration of the plaintiff's medical records and the opinion of Dr. Greenbrier Almond from the Appalachian Community

Health Center.  It is also further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 5, 2009


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE